IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3237 |
| | § | |
| BRAD LIVINGSTON, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Jeffrey Williams (also known as Jefferey Williams), filed this § 1983 lawsuit against two employees of the Texas Department of Criminal Justice (TDCJ), alleging violations of his civil rights in connection with his civil commitment as a sexually violent predator. He is representing himself and has been granted leave to proceed without prepaying the filing fee. The threshold question is whether Williams may proceed with his claims. Reviewing the pleadings, as required by 28 U.S.C. § 1915(e)(2)(B),[1] leads the court to conclude that this lawsuit must be dismissed.

Williams sues Janice Ulmer, an administrative assistant in TDCJ's Rehabilitation Programs Division, and Brad Livingston, TDCJ's Executive Director. He alleges that Ulmer lied in an affidavit about whether Williams ever sought placement in a sex-offender treatment program while in TDCJ custody and that Livingston allowed her to lie. (Docket Entry No. 1). According to the

---

[1] Williams's complaint is not subject to the case-screening procedures under 28 U.S.C. § 1915A because he is housed at the Texas Civil Commitment Center and is not considered a "prisoner" under 28 U.S.C. § 1915(h). Because Williams has been granted leave to proceed without prepaying the filing fee, however, his complaint remains subject to review under 28 U.S.C. § 1915(e)(2)(B).

affidavit attached to Williams's complaint, Ulmer stated that as of March 1, 2016, Williams was "not currently enrolled in the Sex Offender Treatment Program or the Sex Offender Education Program, nor has he ever participated in either of these programs" while in TDCJ's custody. (Docket Entry No. 1-3, at 4). Ulmer further stated that there was no record of Williams requesting placement in a program within the previous year. *Id.* Williams maintains that Ulmer's statements are false and that she intentionally and knowingly lied in her affidavit. He contends that he was civilly committed as a result of these false statements and seeks $1.5 million in damages for his wrongful commitment.

A review of Williams's complaint and public court records reflects that Williams pleaded guilty in a Texas state court to the felony offense of sexual assault and, in July 2011, was sentenced to an 8-year prison term. *State of Texas v. Williams*, Cause No. 1243460R, 372nd District Court of Tarrant County, Texas. In 2016, the State filed a petition seeking to have Williams civilly committed for treatment and supervision as a repeat sexually violent predator based on his 2011 conviction as well as a 1982 sexual assault conviction in New Jersey. *In re Commitment of Williams*, No. 02-17-00133-CV, 2018 WL 771962, at *1 (Tex. App.—Fort Worth 2018). Following a jury trial, the trial court ordered Williams committed to a supervised sex offender treatment program under § 841.081 of the health and safety code. *Id.* (citation omitted). On February 8, 2018, the Second Court of Appeals of Texas affirmed the civil commitment judgment.

Williams seeks monetary damages under 42 U.S.C. § 1983 for his allegedly unlawful civil commitment. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

2

authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated cannot proceed under § 1983. *Id.* If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Although a commitment order is civil in nature, rather than criminal, federal courts that have considered § 1983 claims challenging civil commitment orders and proceedings have ruled that *Heck* applies to bar such claims. *See e.g., Walston v. State Counsel for Offenders*, Civil No. 4:07-cv-2120, 2010 WL 3056657, at *2 (S.D. Tex. 2010) (*Heck* bars claims for monetary damages in § 1983 lawsuit challenging the validity of a state civil commitment judgment that has not been set aside). *See also Thomas v. Schmitt*, 380 Fed. App'x. 549, 550 (7th Cir. 2010) (plaintiff may not sue for damages under § 1983 for his civil commitment as a sexually violent predator "unless and until his commitment has been invalidated"); *Banda v. N.J. Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3rd Cir.) (*Heck* bars challenge to the legality of plaintiff's civil commitment because "a favorable outcome would necessarily imply the invalidity of his confinement"), *cert. den'd*, 547 U.S. 1183 (2006); *Talbot v. Loya*, Civil No. 4:03cv3400, 2005 WL 2765131, at *2 (D. Neb. 2005) ("[t]he principles and objectives expressed in *Heck v. Humphrey* apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence") (citations omitted). Williams asks this court to find that Ulmer knowingly lied in an affidavit to procure his civil

commitment. This request, if successful, necessarily would imply the invalidity of his present commitment.

Williams remains committed and does not allege or show that his commitment has been invalidated or otherwise set aside by an authorized state or federal court. Absent a showing that the disputed commitment order has been invalidated or set aside, the rule in *Heck* precludes any claim for damages. Any claim for declaratory or injunctive relief is likewise barred by the rule in *Heck*. *See Clarke v. Stalder*, 154 F.3d 186, 190–91 (5th Cir. 1998). It follows that Williams's civil rights claims cannot proceed under 42 U.S.C. § 1983 at this time, and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

Williams's complaint is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

SIGNED on June 13, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge